IN THE MATTER OF THE PETITION AND LIBEL OF THE LIVER-
POOL & GREAT WESTERN STEAM CO., (limited,) etc.

*(District Court, S. D. New York.   June 26, 1880.)*

1. UNEARNED FREIGHT—REV. ST. §§ 4282, 4283, 4284.—A claim for un-
earned freight, paid in advance, is not within the class of claims
protected by sections 4282, 4283 and 4284 of the Revised Statutes.

Motion to Restrain Suit.

*Beebe, Wilcox & Hobbs,* for motion.

*Butler, Stillman & Hubbard, contra.*

CHOATE, D. J.   The petitioner in this matter having com-
menced proceedings to limit its liability for losses occasioned
by the wreck of the steamship Idaho, now moves to restrain
the prosecution of a suit brought against it in the district
court for the eastern district of New York to recover freight
moneys paid in advance upon the shipments of cargo upon
that vessel, which cargo was lost with the ship.   The sole
question presented is whether such a claim for the repayment
of freight money paid in advance, but not earned by reason
of the failure of the ship to deliver the cargo, is one of the
claims as to which, by the act of congress and the general
maritime law, the liability of owners is limited to the value of
the ship and pending freight.

The class of claims to which the limitation of liability ex-
tends is described in Rev. St. §§ 4282, 4283 and 4284.   By
section 4282 it is provided: "No owner of any vessel shall
be liable to answer for or make good to any person any loss
or damage which may happen to any merchandise whatso-
ever which shall be shipped, taken in or put on board any
such vessel by reason or by means of any fire happening to or
on board the vessel, unless such fire is caused by the design
or neglect of such owner."   By section 4283: "The liability
of the owner of any vessel for any embezzlement, loss or de-
struction by any person of any property, goods or merchan-
dise shipped or put on board of such vessel, or for any loss,
damage or injury by collision, or for any act, matter or thing,
loss, damage or forfeiture, done, occasioned or incurred with-

out the privity or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel and her freight then pending." And by section 4284 it is provided that "whenever any such embez-.zlement, loss or destruction is suffered by several freighters or owners of goods, wares or merchandise, or any property whatever, on the same voyage, and the whole value of the vessel and her freight is not sufficient to make compensation for each of them," it shall be apportioned among them, etc.

I think it is entirely clear from the terms of the statute, which have been held to express also the rule of the general maritime law, that a claim for unearned freight paid in advance is not within the class of claims protected by the statute. A claim for prepaid freight is not a claim based upon the loss or destruction of the goods. Such loss or destruction need neither be alleged nor proved in a suit for the recovery of prepaid freight. The right to it, whenever that right exists, rests upon the implied promise which the common law raises against any person who has received money as the consideration of an executory contract on his part which he fails to perform. It is an action for money paid upon a consideration which wholly fails, and which the law implies a promise to repay, because, *et equo et bono*, the party receiving it has no right to retain it as against the party who has paid it. The nature of the intervening obstruction which has prevented the performance of the executory contract is wholly immaterial. This liability, if it exists, is on an independent contract. It is not properly described in the language of the statute as a "liability for a loss or destruction of property, or for an act, matter or thing, loss, damage or forfeiture done, occasioned or incurred without the privity or knowledge of the owner;" nor is it a liability for "loss or destruction suffered by freighters or owners of goods on the voyage." Looking also to the purpose of the exemption from liability, it is clear that such a claim does not come within the spirit or reason of the statute or the rule of maritime law. The purpose was to mitigate that rule of law which made the principal liable for the negli-

gence of his agents in its application to the owners of vessels and their agents, the master and mariners.

The policy of the maritime law, while it may properly extend to all claims that would subject the ship-owner to loss by reason of imputing to him the negligence or fault of the master or mariners, cannot rightfully be applied to shield him from a claim for the repayment of money which he has received but not earned. The loss to him in such a case is not in fact a loss at all, since, upon the proper view of the matter, the money never was rightfully his, but only to become his upon a condition which has never been performed. No authority whatever is cited which, to any extent, sustains the petitioner's claim.

The suit sought to be stayed is neither within the letter nor the reason of the statute. Motion denied.