### In re SUGAR PRODUCTS CO. et al.

(District Court, S. D. New York. December 1, 1917.)

COURTS ⬦508(2)—INJUNCTION BY UNITED STATES COURT TO RESTRAIN PROCEEDING IN STATE COURT.

    A charterer of a vessel which was lost has no claim against the vessel for the recovery of prepaid charter hire, which can be asserted in proceedings by the owner for limitation of liability; but such cause of action is personal, and an action thereon in a state court cannot properly be enjoined by the admiralty court in the limitation proceedings.

In Admiralty. Proceeding by the Sugar Products Company and the Sugar Products Shipping Company, Incorporated, owners of the steam tug C. W. Morse, for limitation of liability. On motion by petitioners for injunction. Denied.

J. Dexter Crowell, of New York City (I. R. Oeland, of New York City, of counsel), for petitioners.

Bullowa & Bullowa, of New York City (Emilie M. Bullowa, of New York City, of counsel), for respondent Universal Transp. Co.

AUGUSTUS N. HAND, District Judge. The above petitioners instituted a proceeding for limitation of their liability. The owners deposited in court as pending freight $10,000, which was paid by the Universal Transportation Company as charter hire prior to the date of the alleged loss of the vessel. The charter party contained the provision:

"That should the tug be lost, all moneys paid to the owner by the charterers shall be retained by the owner, but hire shall cease from the date of loss."

The charterers seek to have the $10,000 prorated, and to recover a balance in an action which they have brought in the Supreme Court of New York. The petitioners move in this court to restrain the prosecution of the action in the state court.

Judge Choate held in the case of In re Liverpool & Great Western Steam Co. (D. C.) 3 Fed. 168, that a claim for prepaid freight was not a claim based upon the loss or destruction of the goods, and that it could not be proved in a limitation proceeding. The same line of reasoning was adopted in The Leonard Richards (D. C.) 41 Fed. 818. The contract here is, I think, a personal contract. The petitioners contend that the charterer is seeking to reach a fund in the custody of this court by proceeding in the state court. I cannot see that this is so. The charterer is suing at law to recover an overpayment under what it deems to be a proper construction of the charter party. Its right of action does not arise out of the loss of the ship or from anything the ship has done, but because a contingency which the charterer says was provided for in its contract has happened. How the charterer can recover —how, indeed, it is not expressly precluded from recovering by the language of the charter party—in any tribunal I cannot discover; but I think it clear that the cause of action is personal, and not one which can be asserted in the limitation proceeding. There is no doubt that this court can determine the amount of pending freight as between the owner and claimants to the fund in the limitation proceeding as was done in La Bourgogne, 139 Fed. 433, 71 C. C. A. 489, affirmed 210 U. S. 95, 52 L. Ed. 973, but not as between the owner and persons who are not proper claimants in that proceeding. If too much is deposited, a creditor is not prevented from recovering upon a personal contract that gave rise to no lien against the ship.

Motion denied.