## THE LAKE ELLENDALE.

### Petition of NATIONAL DREDGING CO.
### No. 12276.

District Court, E. D. New York.
May 15, 1931.

David M. Fink and Jacquin Frank, both of New York City (Jacquin Frank, of New York City, of counsel), for claimant.

Alexander, Ash & Jones, of New York City (Lawson R. Jones and Edward Ash, both of New York City, of counsel), for petitioner.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (William J. Dean, of New York City, of counsel), amicus curiæ.

MOSCOWITZ, District Judge.

Arthur Borresen, the claimant herein, seeks to vacate the restraining order entered in limitation of liability proceedings.

Borresen, as party plaintiff, instituted an action in the Supreme Court of the state of New York on or about the 27th of June, 1930, against the National Dredging Company as defendant, the petitioner in the limitation of liability proceedings, to recover the sum of $50,000, for personal injuries claimed to have been sustained on April 11, 1930, as a result of his being burned by steam due to petitioner's negligence while working on petitioner's dredge in the Hudson river, in the vicinity of Albany, N. Y.

Thereafter, the said action was duly removed by petitioner as defendant to the common-law side of this court by reason of the diversity of citizenship. Thereafter, and on or about February 10, 1931, the petitioner procured the usual restraining order in this proceeding for the limitation of liability.

Paragraph sixth of the petition for limitation alleges that on or about April 11, 1930, while the dredge was engaged in the performance of her usual work of hydraulic dredging in the Hudson river, near Albany, one of the tubes inside of her steam boiler gave way, permitting steam to escape from her, as a result of which certain persons sustained injuries.

The eighth paragraph of the petition alleges that Borresen, the claimant herein, instituted a suit in the Supreme Court of Kings county against the petitioner to recover the sum of $50,000 for damage alleged to have been sustained by him as the result of the occurrence referred to in the sixth paragraph of the petition. It is further alleged in the eighth paragraph of the petition that one Juan Figueris and another person, Millard E. Gidian, were also on board of the dredge at the same time, and were injured as a result of the same occurrence.

As a further defense, it was alleged in paragraph thirteenth of the petition that all

416

of the three possible claimants, Borresen, Figueris, and Gidian signed general releases for the claims referred to in the said petition, and that these releases antedated in execution and delivery the institution of the said action in the state court.

In his answer to the petition, among other things, the claimant Borresen denies the execution and delivery of the general release alleged in the petition for limitation of liability. Borresen seeks to vacate the restraining order herein, on the ground that he is the only claimant remaining, and that Figueris and Gidian, both of whom received injuries, have executed general releases to the petitioner, and their defaults have been noted in this proceeding.

Claimant based the application to vacate this proceeding upon the decision of the United States Supreme Court in the case of Langnes v. Green, decided February 24, 1931, which has been referred to as The Aloha, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520, 1931 A. M. C. 511. It would appear that The Aloha relates to a case where there is but one claimant, and where there is not the possibility of other claims being asserted. It was not suggested in The Aloha that there was the possibility of any other claim. This was due to the peculiar nature of the accident being damage to claimant's eye by a fish hook.

In the case at bar, the claimant and two others were injured on the dredge at the same time as a result of the same accident. It therefore appears that three claims arose from the accident. The fact that Figueris and Gidian signed releases does not prevent them from bringing actions. That is apparent because the claimant himself, who signed a release, has brought an action for the alleged injury sustained, and has also filed his claim in this proceeding. The petitioner cannot be protected from actions by the other two claimants, except in this proceeding for limitation of liability.

That an order has been entered noting the defaults of the claimants Figueris and Gidian does not determine that there is but one claimant in the limitation of liability proceedings, as frequently permission is granted to delinquent claimants, if there be good and sufficient reason therefor, to file their claims in limitation of liability proceedings after the return of the monition and the entry of the pro forma order noting their defaults.

Motion to vacate restraining order will be denied. Settle order on notice.