## THE C. F. COUGHLIN.

### In re MURPHY.

District Court, W. D. New York.

Oct. 20, 1938.

Foley & Martin, of New York City, for claimant New York Scow Corporation.

Brown, Ely & Richards, of Buffalo, N. Y., for petitioner.

BURKE, District Judge.

This is a motion by the claimant, New York Scow Corporation, as owner of the barge "Helen F. Smith", to dismiss the petition of William M. Murphy, owner of the steamtug "C. F. Coughlin", for limitation of liability. The right of the petitioner to limit his liability is contested upon the ground that the damage to the claimant's barge did not occur on the voyage for which petitioner seeks to limit his liability in this proceeding.

The tug "C. F. Coughlin" left Buffalo on November 14th, 1937, about 10 A. M., towing five loaded barges of Michigan-Atlantic Corporation. The petitioner was under contract to tow the barges eastbound in the New York State Barge Canal to Rochester, where he was to meet another tug which was to take over the tow at that point. Michigan-Atlantic Corporation agreed to pay the petitioner $125 per day for the services of the tug "C. F.

Coughlin" from the time she left Buffalo until her return to Buffalo. Between 8 and 8:30 P. M. November 15th, 1937, near Middleport, New York, claimants' barge "Helen F. Smith", without cargo, in tow of the tug "Claremont", westbound in the canal, collided with one of the boats in the tow of the "C. F. Coughlin", then eastbound. Damage was caused to the barge "Helen F. Smith" for which the New York Scow Corporation has filed its claim.

The tug "C. F. Coughlin" and her tow met the tug provided by Michigan-Atlantic Corporation at Rochester about 7 P. M., November 16th. She turned the five barges over to the tug and immediately and without docking started back westbound for Buffalo.

About 11:45 P. M. on the same day, November 16th, when she was underway in the canal, near Brockport, light and without tow, a fire of unknown origin broke out. The "C. F. Coughlin" was totally destroyed. The wreck was seized by the State of New York and sold at public auction for the scrap value of $3. Her earnings at the rate of $125 per day from November 14th, when she left Buffalo, until November 16th, when she was destroyed by fire, a period of two and one-half days, amount to the sum of $312.50, which amount added to her scrap value makes a total of $315.50, which is the amount of the Ad Interim Stipulation with surety filed by the petitioner herein.

The question for determination is at what point shall the value of the tug "C. F. Coughlin" be taken for the purpose of limiting her owner's liability. He must surrender his interest in the vessel and "her freight then pending". The term "freight then pending" as used in the statute (46 U.S.C.A. § 183) means earnings of the voyage. The Main v. Williams, 152 U.S. 122, 131, 14 S.Ct. 486, 38 L.Ed. 381; The San Simeon, 2 Cir., 63 F.2d 798, 802; Hockley v. Eastern Transportation Co., D.C., 9 F.Supp. 411, 414. The earnings of the tug in this case were to be determined on a per diem basis on the elapsed time of her voyage from Buffalo to Rochester and return. According to the towing agreement she was to earn as much per diem traveling light on her return trip as she earned on her trip to Rochester. The limits within which she would earn her freight should determine the limits of her voyage. The value of a vessel and her pending freight in fixing limitation of liability should be taken at the termination of the voyage, or at the point at which the voyage is broken up if disaster terminates it earlier. The City of Norwich, 118 U.S. 468, 491, 6 S.Ct. 1150, 30 L.Ed. 134; In re Hedger, 2 Cir., 59 F.2d 982. In this case the value should be taken at the point in the canal where the fire occurred. Her scrap value after the fire, plus her pending freight, should be the limit of her owner's liability, for any loss or damage occurring without the privity or knowledge of her owner.

The motion to dismiss the petition should be denied.