George PENNELL, Jr., Claimant,
Appellant,

v.

L. Henry READ, Jr., et al., Appellees.

No. 19489.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1962.

Alan R. Schwartz, Miami, Fla. (Nichols, Gaither, Beckham, Colson & Spence, Miami, Fla., of counsel), for appellant.

Richard F. Ralph, Miami, Fla., for appellees.

Before JONES and BELL, Circuit Judges, and ESTES, District Judge.

GRIFFIN B. BELL, Circuit Judge.

Appellant was injured on board the yacht "MERIDIAN" while she was engaged in a Miami-Nassau race. He was the only person injured in the accident.

**456**

Appellees are the owners of the yacht, each owning a one-half undivided interest therein. One is a resident of Massachusetts while the other is a resident of Florida. They filed a petition in the District Court pursuant to the Limitation of Liability Act, Title 46 U.S.C.A. §§ 181–195 for exoneration from or limitation of their potential liability arising out of the accident.[1] They alleged that the vessel had a value of $43,000, and each offered a stipulation for value of $21,500 with the prayer that the liability of each be limited to this amount. A restraining order issued against the commencement or prosecution of suits for damages sustained in the accident, and none has yet been filed.

Appellant filed his answer to the petition denying that either of appellees was entitled to exoneration from or limitation of liability, and claimed damages in the amount of $300,000. No other claims were filed in the proceeding.

■ Appellant was thus in the position of a single claimant in a limitation proceeding, entitled to proceed against the petitioners jointly in another forum under the Savings to Suitors Clause of the admiralty and maritime jurisdiction statute, Title 28 U.S.C.A. § 1333, upon the filing of appropriate protective stipulations. Langnes v. Green, 1931, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Ex parte Green, 1932, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212; Petition of Red Star Barge Line, Inc., 2 Cir., 1947, 160 F.2d 436; and Pershing Auto Rentals, Inc. v. Gaffney, 5 Cir., 1960, 279 F.2d 546. See also Gilmore & Black, The Law of Admiralty, Chap. X, Sections 10–19, at p. 695; and 3 Benedict on Admiralty, Knauth 6th Ed., Section 491.

■ In multiple-claim situations where the total of all the claims do not exceed the limitation fund, claimants may likewise proceed in another forum under the Savings to Suitors Clause, and upon the filing of appropriate protective stipulations. Pershing Auto Rentals, Inc. v. Gaffney, supra, and Lake Tankers Corporation v. Henn, 1957, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246.[2] As Pershing points out, all that is left for the exclusive jurisdiction of the limitation court is the case of multiple-claims which exceed the limitation fund. Of course, in such a case a concursus is needed.

Appellant, by motion to modify the restraining order issued on the limitation petition, sought leave to proceed against the shipowners separately in their respective jurisdictions, and thus to sue one in Massachusetts and the other in Florida. He offered protective stipulations as to the value of the vessel, the right of appellees to litigate the limitation issue in the admiralty court, to waive any claim of res judicata relative to the limitation issue based upon any judgment in another forum, and that there would be no proceedings in the nature of execution subsequent to any judgment obtained in another forum.

■ The district court denied the motion to modify, and in an opinion noted that the question presented was novel in that it involved a single claimant but multiple owners over whom personal service could not be obtained in a single jurisdiction. S.D.Fla., 1961, Petition of Read, 200 F.Supp. 504. That opinion in pertinent parts states:

"The motion presents a novel question for adjudication in that, although there is a single claimant, there are multiple owners over whom personal service cannot be obtained in a single jurisdiction. Claimant,

**1.** Rules 51–54, Rules of Practice in Admiralty and Maritime Cases, Title 28 U.S.C.A. pp. 114–119. See British Transport Com. v. United States, 1957, 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234; and 3 Benedict on Admiralty, Knauth 6th Ed., Sections 474–478 for history of the Act.

**2.** In either event exclusive final determination of the right to limitation and the amount of the fund is reserved to the limitation court. Petition of Red Star Barge Line, Inc., supra.

of course, relies upon the two Green cases, Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Ex parte Green, 286 U.S. 437, 440, 52 S.Ct. 602, 76 L.Ed. 1212; and Petition of Red Star Barge Line, Inc., 2 Cir., 160 F.2d 436, cert. den., 331 U.S. 850, 67 S.Ct. 1741, 91 L.Ed. 1859, which was a multiple owner case. However, in both the Langnes litigation and in the Red Star petition the basis of decision was that there could be only one claim against the fund. Here claimant can sue one owner in Florida and the other in Massachusetts, with the result that there may well be two judgments, either or both of which may exceed the limitation fund. As a practical matter the difficulty in apportioning the fund between two possibly widely disparate judgments would indicate the advisability of a concursus and actually takes the case out of the Langnes v. Green situation and places it among the multiple claim cases, where it is clearly the law that the injunction is not to be modified."

Appellant urges that the district court was in error on the theory that there is not in fact a single fund of $43,000 but two funds of $21,500 each based on the proportionate interest of appellees in the vessel. This contention is premised on the proposition that each of the appellees could have petitioned for limitation separately and that their joint petition should be treated as two separate petitions. This is joined with the further contention that they are each protected in that neither could be subject to liability in excess of $21,500, assuming that the admiralty court eventually decrees limitation of liability.

■ The position of appellant runs afoul of the requirement in the Act that the individual liability of a shipowner is to be limited to the proportion of the debts that his individual share of the vessel bears to the whole. Title 46 U.S. C.A. § 189; and Richardson v. Harmon, 1911, 222 U.S. 96, 32 S.Ct. 27, 56 L.Ed.

110. Under any view of the matter we have multiple claims and an inadequate fund, a situation heretofore left exclusively to the limitation court. Pershing Auto Rentals, Inc., supra. To grant the petition to modify would extend, as the district court so well stated, the present exceptions to the retention of jurisdiction in the limitation court. We do not believe that the Savings to Suitors Clause warrants the asserted exception in view of the need for a concursus— not based on conflict between claimants —but in apportioning liability as between appellees in view of the separate judgments that may be obtained against them.

■ This right of appellees under the Limitation of Liability Act cannot be preserved if the right claimed by appellant under the Savings to Suitors Clause is granted. Therefore the right of appellant must give way. Langnes v. Green, supra, and 3 Benedict on Admiralty, Knauth 6th Ed., Sec. 491.

The judgment should be and is

Affirmed.