In re the Complaint of John B. CANNON and Laura Cannon for exoneration from or limitation of liabilities as the owners of the KETCH "IMPATIENCE".

In re the Complaint of Henry SCHUR, Individually and as a Joint Venturer of the Charter Party, for exoneration from or limitation of liability as the owners of the KETCH "IMPATIENCE".

Nos. 79–2872–Civ–JCP, 79–4264–Civ–JCP.

United States District Court,
S. D. Florida.

Feb. 5, 1980.

On Motion For Reconsideration
March 18, 1980.

As Amended March 23, 1980.

**27**

William B. Milliken of Fowler, White, Burnett, Hurley, Banick & Strickroot, Reginald M. Hayden, Jr., Miami, Fla., for plaintiff.

Larry S. Stewart and David W. Bianchi of Floyd, Pearson, Stewart, Richman, Greer & Weil, Miami, Fla., for claimants.

## ORDER GRANTING MOTION TO CONSOLIDATE AND VACATING RESTRAINING ORDER

PAINE, District Judge.

These causes are before the Court on plaintiff Henry Schur's motion to consolidate and claimant Mark Tietig's motions to vacate the restraining orders. The Court has before it the written motions and memoranda of the parties. Additionally, a hearing on these motions was held on January 16, 1980.

Case No. 79–2872–Civ–JCP involves a limitation of liability complaint filed by John Cannon and Laura Cannon as owners of the ketch "Impatience". Case 79–4264–Civ–JCP is a limitation of liability action relating to the same vessel, but was filed by Henry Schur, individually and as joint venturer of the charter party. Both cases involve an incident which occurred on March 17, 1979 during a sailing excursion sponsored by the Florida International University Sailing Club. Mark Tietig filed a claim and answer in both actions, and is the only person who has so responded.

On September 25, 1979, Henry Schur filed a motion to consolidate these cases. On November 9, 1979, claimant Mark Tietig also filed a motion to consolidate these cases. At the hearing, counsel for the Cannons indicated that they did not oppose consolidation. It is apparent from the record that consolidation is appropriate and there being no opposition thereto, said motion will be granted.

Claimant Mark Tietig has filed in each case a motion to vacate the restraining order which prohibits the prosecution of claims against the plaintiff(s) in any other forum. Claimant seeks to bring an action in state court on his claim and has submitted a proposed complaint for that purpose with his motion.

Each of these actions is a single claimant action, and Tietig contends that under the authority of *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931) the restraining order should be lifted. *Green* makes it clear that this decision involves an exercise of discretion by the court, and that the objective is to reconcile this court's exclusive jurisdiction over limitation of liability actions with the "savings to suitors" clause in 28 U.S.C. § 1333(1). In other words, the plaintiffs' right to limit their liability must be balanced with the claimant's right to pursue state court remedies.

All accounts of the incident indicate that there were numerous persons involved, and therefore there exists the possibility of additional claimants. The parties agree that since Tietig's claim for $1,000,000 is clearly in excess of the value of the vessel, the addition of another claimant would require a concursus and compel this court to exercise exclusive jurisdiction, thus precluding any recourse to state court remedies. Plaintiffs contend that the mere possibility of additional claimants is sufficient cause for this court to exercise exclusive jurisdiction, see *Helena Marine Service, Inc. v. Sioux City*, 564 F.2d 15 (8th Cir., 1977). The Court notes that the identities of the potential claimants are known, and that they have received extensive notice of these

actions. A Public Notice was published in the Miami Review and Daily Record on August 2, 9, 16 and 23, 1979 (regarding Case 79–2872–Civ–JCP) and on October 31, November 7, 14, 21, 1979 (regarding Case 79–4264–Civ–JCP). Additionally, each potential claimant has been sent two certified letters containing notice (one involving each action). Other than Mark Tietig, no one has filed a claim, and an order entering defaults against those not responding has been entered in each case. The Court finds that the likelihood of additional claimants is remote.

Plaintiffs rely on *Pennell v. Read*, 309 F.2d 455 (5th Cir., 1962) for the proposition that a multiple owner situation is inherently a multiple claim situation. Thus, they argue, since the damages sought in the instant case exceed the limitation fund, exclusive federal jurisdiction is invoked. The Court does not agree with plaintiffs' interpretation of *Pennell*. In *Pennell*, a single claimant sought damages in a limitation action filed by two co-owners who resided in separate states. Thus, recourse to the state remedies would have required two separate state actions, thereby creating two distinct claims. The court's dictum indicated that but for the jurisdictional problem, the claimant could have pursued his state remedies:

> Appellant was thus in the position of a single claimant in a limitation proceeding, entitled to proceed against the petitioners *jointly* in another forum under the Savings to Suitors Clause of the admiralty and maritime jurisdiction statute, Title 28 U.S.C.A. § 1333, upon the filing of appropriate protective stipulations. 309 F.2d 455 at 456.

Claimants in this action have alleged that all plaintiffs are amenable to suit in Florida, and this assertion has not been contested. Furthermore, the decision in *Pennell* was based on the need for a concursus in light of the potentially disparate judgments which the state court actions could produce. There has been no allegation that a concursus is necessary in this case.

■ The only reason for this Court to retain exclusive jurisdiction in these cases is that there exists the possibility of additional claimants. In light of the knowledge of the identities of the potential claimants and the extensive notice procedures afforded them, the Court finds that this possibility is remote. Therefore, the best means of reconciling the parties' rights in these cases is to permit the claimant to proceed in state court subject to the filing of the following stipulations by claimant Tietig: see *Pennell v. Read*, 309 F.2d 455 (5th Cir., 1962).

(1) The petitioners in these cases have the right to litigate the limitation of liability issue in this court.

(2) Claimant waives the right to assert res judicata as to the limitation issue by reason of any legal determination made in the state court action.

(3) Claimant will initiate no proceedings in the nature of execution until such time as the limitation issue is resolved.

■ A dispute exists as to the value of the vessel, and it does not appear necessary to require from the claimant a stipulation as to that value. Such a stipulation is necessary in a case where there are multiple claims seeking a total recovery that is less than the value of the vessel, since in that situation the amount of the fund is crucial to the decision permitting utilization of the state court remedy. See *Lake Tankers Corp.*, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957). In the instant case, the decision is based on the single claimant nature of the case, and the value of the vessel can be finally determined when, and if, this Court is presented with the limitation of liability issue. This decision is designed to insure that the plaintiffs retain their right to limit their liability without infringing upon the right of the claimant to utilize his state remedy.

Two dangers would exist if this Court were to determine the limitation of liability issue prior to permitting claimant to pursue his claim in state court. First, there is no guarantee that the federal proceedings (including possible appeals) would be conclud-

ed within the applicable statute of limitation period, see *Fla.Stat.* § 95.11(3)(a). Secondly, the resolution by this Court of the limitation of liability issue would necessarily include some of the issues involved in the state court action; and to the extent that any res judicata effect was afforded those determinations, the claimant would be deprived of his right to a state court remedy. Under the procedure outlined in this Order, the converse will not be true. That is, the second stipulation required of the claimant will insure that the plaintiffs' right to limit their liability will not be infringed by the legal determinations of the state court.

This decision is designed to insure that the plaintiffs retain their right to limit their liability without infringing upon the right of the claimant to utilize his state remedy.

Accordingly, it is

ORDERED and ADJUDGED that:

(1) Plaintiff Henry Schur's Motion to Consolidate Case 79–4264–Civ–JCP with 79–2872–Civ–JCP is granted.

(2) Claimant Mark Tietig's Motion to Vacate the Restraining Orders is granted subject to the filing of the three stipulations discussed above.

(3) This action is stayed pending disposition of the claimant's state court action. However, this Court may take action on those matters that are not subject to determination by the state court.

## ON MOTION FOR RECONSIDERATION

This cause is before the Court on plaintiffs' Motion for Reconsideration of Order Vacating Restraining Order. Attached to the motion is a letter from Judith Edwards, a passenger on the voyage, to counsel for plaintiffs John B. Cannon and Laura Cannon, seeking a refund of the payment she made for passage on the vessel.

[4] Plaintiffs argue that this Court lacks the discretionary power to vacate the restraining order because there exists the possibility of additional claimants, citing *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931); *The Lake Ellen-*

*dale*, 53 F.2d 415 (E.D.N.Y., 1931); *Helena Marine Service, Inc. v. Sioux City*, 564 F.2d 15 (8 Cir., 1977). The Court does not find plaintiffs' proposition supported by those cases. *Green* held that it was an abuse of discretion *not* to dissolve the injunction in a single claimant case in which there is no possibility of other claimants. To accept plaintiffs' argument would require the conclusion that this Court has no discretion at all in single claimant cases. Furthermore, in the *Helena* case, the court indicated that the district court could have dissolved the injunction and later reinstated it if additional claims were filed, *Helena*, 564 F.2d at 19. Thus it appears that this Court has discretionary power in this matter until such time as exclusive federal jurisdiction attaches, i. e., when more than one claimant has appeared in the proceeding. *Green*, 282 U.S. at 540, 51 S.Ct. at 246.

 Plaintiffs attached the letter of Judith Edwards to their motion to support their claim that the possibility of additional claimants is not remote. The Court notes that in each of these consolidated cases the plaintiffs alleged that there was no pending freight. The term "pending freight" as used in 46 U.S.C. § 183 includes all earnings of the vessel from the voyage for which liability is sought to be limited, *La Bourgogne*, 210 U.S. 95, 28 S.Ct. 664, 52 L.Ed. 973 (1908). Pending freight thus includes payments due to the shipowner from a charterer for hire of the vessel, *C. F. Coughlin*, 25 F.Supp. 649 (W.D.N.Y., 1938); *Petition of the Barracuda Tanker Co.*, 281 F.Supp. 228 (S.D.N.Y., 1968), modified 409 F.2d 1013 (2d Cir., 1969). Furthermore, "freight also includes passage money for the transportation of passengers, unless the passage ticket provides for a return of the money in case the contract of transportation is not fulfilled". 3 Benedict on Admiralty § 65 (7th Ed., 1979) citing *The Main v. Williams*, 152 U.S. 122, 14 S.Ct. 486, 38 L.Ed. 381 (1894); *Pacific Coast v. Reynolds*, 114 F. 877 (9th Cir., 1901), cert. den. 187 U.S. 640, 23 S.Ct. 841, 47 L.Ed. 345 (1902). If the passage ticket provides for a return of the payment if the contract is not ful-

30

filled, the amount in question is properly classified as "unearned prepaid freight" and is not a liability subject to limitation. *In re Liverpool & G. W. Stearn Co.*, 3 F. 168 (S.D.N.Y., 1880); *The William J. Riddle*, 111 F.Supp. 657 (S.D.N.Y., 1953).

Plaintiffs have not submitted a copy of the charter agreement nor a copy of the contract with the passengers. No stipulation or bond has been filed for the value of pending freight. Plaintiffs argue that Judith Edwards would be a proper claimant in this proceeding, although their pleadings do not reflect a factual basis for her claim. While a failure to file a stipulation for the value of pending freight will not necessarily preclude a limitation of liability, *La Bourgogne*, 210 U.S. 95, 141, 28 S.Ct. 664, 681, 52 L.Ed. 973 (1908), the Court will consider this a factor in making its discretionary decision.

Accordingly, it is

ORDERED and ADJUDGED that the Motion for Reconsideration of Order Vacating Restraining Order is denied.