**In re the Complaint of NORTH LUBEC MANUFACTURING AND CANNING CO., Successor by Merger With Lawrence Boating Corp., as Owner of the F/V Pauline, for Exoneration From or Limitation of Liability.**

**Civ. No. 85–0456–B.**

United States District Court,
D. Maine.

June 19, 1986.

Leonard W. Langer, Thompson, McNaboe & Ashley, Portland, Maine, for North Lubec Mfg. and Canning Co.

Nathan Greenberg, James S. Horton, Boston, Mass., for claimant.

## MEMORANDUM

CYR, Chief Judge.

On October 31, 1985 Richard Spencer sued North Lubec Manufacturing and Canning Co. [North] in state court for $500,000. Spencer alleged that he was injured, on May 28, 1985, when he fell while descending the companionway ladder of the fishing vessel PAULINE. Spencer alleged that North, the owner of the PAULINE, negligently failed to maintain the companionway ladder in a safe condition.

On December 6, 1985, pursuant to 46 U.S.C. §§ 181–196, North brought the instant action for exoneration from or limitation of liability arising out of the alleged injuries sustained by Spencer aboard the PAULINE. Upon determining that North's complaint was proper and that it was accompanied by the required security, *see* Fed.R.Civ.P., Supplemental Admiralty Rule F(1), this court enjoined further prosecution of any action against North arising from the May 28, 1985 incident aboard the PAULINE, *see id.* F(3). The court ordered that a monition issue directing all persons with claims arising from the May 28, 1985 incident to file their claims with the court on or before January 31, 1986. North was directed to mail a copy of the monition to all persons known to it to have claims arising from the May 28 incident, and to publish notice of the monition for four successive weeks.

Spencer is the only person to assert a claim. Spencer claims $500,000 "for the loss of past and future earnings, pain and suffering, and all other damages he is entitled to," which claim exceeds what North asserts to be the value of the PAULINE ($200,000). After Spencer filed his claim, North filed a "Notice Of Claims," listing Spencer as the only claimant, *see* Fed.R. Civ.P., Supplemental Admiralty Rule F(6), and moved that an order of default enter against all persons who had not filed a claim and answer. The court granted this motion on May 29, 1986.

Spencer moves to vacate the order enjoining the further prosecution of any claim against North arising from the May 28, 1985 incident. Spencer notes that North asserted limitation of liability as an affirmative defense in the state court action, and argues that "[w]here there is a single claim in the State Court and where the Claimant [Spencer], as in this case, does not challenge the right of the Plaintiff to seek limitation, the State Court where the Claim-

ant seeks a jury trial should not be inter-·fered with." North objects, contending that Spencer has not satisfied the conditions precedent to permitting a claim implicating liability limitation issues to proceed in a nonadmiralty forum.

The Limited Liability Act, R.S. §§ 4281–4289, codified as amended at 46 U.S.C. §§ 181–196, was enacted "primarily to encourage the development of American merchant shipping.... [I]ts fundamental provision ... declares that the liability for any damage arising from a disaster at sea which is occasioned without the privity or knowledge of the shipowner shall in no case exceed the value of the vessel at fault together with her pending freight." *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 150, 77 S.Ct. 1269, 1271, 1 L.Ed.2d 1246 (1957) [citing 46 U.S.C. § 183]. As the issue of a vessel owner's *right* to limit liability is exclusively within the jurisdiction of the admiralty court, only the district court sitting in admiralty is competent to determine that issue. *See Norwich Co. v. Wright*, 13 Wall 104, 80 U.S. 104, 123–24, 20 L.Ed. 585 (1871); 28 U.S.C. § 1333. But the "saving to suitors" clause of section 1333 [1] provides that nonadmiralty courts have concurrent jurisdiction with admiralty courts over issues not exclusively cognizable in admiralty. Thus, there is a potential conflict between the "saving to suitors" clause and the exclusive admiralty jurisdiction over the right to limit liability.

In *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931), the Supreme Court considered the interaction of the "saving to suitors" clause and the Limited Liability Act in circumstances similar to the present. The vessel owner, Langnes, was sued in state court for damages resulting from injuries sustained by Green aboard the vessel. While the state court action was pending, Langnes petitioned for limitation of liability, and the federal district court enjoined all proceedings and issued a

monition. Green, the only claimant, subsequently moved to dissolve the restraining order on the ground that the vessel owner could obtain the benefits of the Limited Liability Act by pleading it in the pending state court action. *Id.* 282 U.S. at 533–34, 51 S.Ct. at 244. The Supreme Court held that the protection afforded by the Limited Liability Act may be obtained by proper pleading in the nonadmiralty action when there is but one possible claimant and only one owner. *Id.* at 540, 51 S.Ct. at 246. Nevertheless, "the ship owner was free to invoke the jurisdiction of the federal district court ...; and, that having been done, the question which arose was not one of jurisdiction, but, ... was whether *as a matter of discretion* that jurisdiction should be exercised to dispose of the case." *Id.* at 541, 51 S.Ct. at 247 [citations deleted, emphasis added]. On the facts before it, the Court in *Langnes* characterized the question of how the district court should exercise its discretion as "quite simple":

> Upon the face of the record the state court, whose jurisdiction already had attached, was competent to afford relief to the petitioner. The difference in the effect of adopting one or the other of the two alternatives presented to the district court was obvious. To retain the cause would be to preserve the right of the ship owner, but to destroy the right of the suitor in the state court to a common law remedy; to remit the cause to the state court would be to preserve the rights of both parties. The mere statement of these diverse results is sufficient to demonstrate the justice of the latter course; and we do not doubt that, in the exercise of a sound discretion, the district court, following that course, should have granted respondent's motion to dissolve the restraining order so as to permit the cause to proceed in the state court, retaining, as a matter of precaution, the petition for a limitation of liabili-

---

1. Section 1333 provides, in part:

    The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

28 U.S.C. § 1333.

ty to be dealt with in the possible but (since it must be assumed that respondent's motion was not an idle gesture but was made with full appreciation of the state court's entire lack of admiralty jurisdiction) the unlikely event that the right of petitioner to a limited liability might be brought into question in the state court, or the case otherwise assume such form in that court as to bring it within the exclusive power of a court of admiralty. The failure to do this, in our opinion, constituted an abuse of discretion subject to the correcting power of the appellate court below and of this court.

*Id.* at 541–42, 51 S.Ct. at 247.

Following *Langnes* and *Ex Parte Green,* 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932),[2] the federal courts customarily have allowed state court actions to proceed: "the modern view has been that, with certain safeguards to the exclusive admiralty jurisdiction over the issue of right to limit ..., nonadmiralty proceedings involving only a single claim against a single owner, even where such claim exceeds the limitation fund, should be permitted to be pursued as to issues not exclusively within admiralty jurisdiction." *Annot.,* 47 ALR Fed. 490, 497 (1980) [collecting cases].

The parties disagree as to whether there are "adequate safeguards" to protect the district court's exclusive jurisdiction over the limitation of liability issues. North asserts:

Once a petition is filed, a single claimant can seek relief from the stay only upon meeting the following requirements:

(a) he must file a claim in the limitation proceeding;

(b) when a stipulation for value has been filed in lieu of transfer of ownership to a trustee, claimant must concede the

sufficiency of the amount of the stipulation;

(c) claimant must consent to waive any claim of *res judicata* relevant to the issue of limited liability based on any judgment obtained in the state court; and

(d) claimant must concede petitioner's right to litigate all issues relating to limitation in the limitation proceeding.

Petitioner's Memorandum of Law in Support of its Objection to Claimant Richard Spencer's Motion to Vacate Stay, at 4 [citing G. Gilmore & C. Black, *The Law of Admiralty,* § 10–16 at 871 (1975)].

Spencer argues that North's pleading of limitation of liability as an affirmative defense in the state action, coupled with the affidavit submitted by Spencer's attorney, is sufficient to protect North's rights. The affidavit of Spencer's attorney states, in pertinent part: "The Plaintiff Richard L. Spencer agrees that the Petitioner North Lubec Manufacturing and Canning Co. is owner of the F/V PAULINE and *has a right to limit liability and asserts this as a defense to the action.*" (Emphasis added).

█ It is *not* necessary that a claimant concede a shipowner's right to limit liability in order that the state court action be permitted to proceed. *See In re Red Star Barge Line, Inc.,* 160 F.2d 436, 437–38 (2d Cir.1947); *In re Trawler Weymouth, Inc.,* 223 F.Supp. 161, 163 (D.Mass.1963). All that is required is that the claimant make whatever concessions are necessary to protect the exclusive jurisdiction of the admiralty court over any limitation issues which may arise.

Thus, in *Red Star* the Second Circuit affirmed the district court's dissolution of a restraining order where the claimant conceded, *inter alia,* the exclusive jurisdiction of the district court over the limitation pro-

---

**2.** In *Ex Parte Green,* the "unlikely event" mentioned in *Langnes* occurred: in the state court proceeding the plaintiff/claimant challenged the shipowner's right to limit liability. *See* 286 U.S. at 440, 52 S.Ct. at 603. The district court gave the plaintiff/claimant a limited time to withdraw the admiralty issue from the state

court proceeding, failing which the district court would enjoin further prosecution, *see id.,* and the Supreme Court affirmed that resolution of the issue. *Id. See generally In re Red Star Barge Lines, Inc.,* 160 F.2d 436, 437–38 (2d Cir. 1947) [discussing the *"Green"* cases]; *Annot.,* 47 ALR Fed. 490, 509–10 (1980) [same].

ceeding and the correctness of the limitation fund.[3] But the court added a further condition. To prevent the use of any state court judgment against the petitioner in a limitation proceeding, the Second Circuit required the claimant to waive "any claim of *res judicata* relevant to the issue of limited liability and based on any judgment she may obtain in the state court action."[4] 160 F.2d at 438.

It is not at all clear that Spencer concedes North's *right to limit* liability, as distinguished from North's right to *seek* to limit liability. Although the affidavit of Spencer's attorney suggests that Spencer concedes North's *right to limit* liability, Spencer's motion states that he "does not challenge the right of plaintiff to *seek* limitation."[5]

If Spencer concedes that North has the *right to limit* liability, the only remaining issue would be the amount of the limit on liability (the value of the ship and its freight). The other concessions sought by North would be unnecessary. On the other hand, if Spencer is merely acknowledging that North may attempt to limit its liability, but plans to contest the factual predicate for protection under the statute (i.e., whether the injury resulted from any "act, matter, or thing, ... done, occasioned, or incurred, without the privity or knowledge of [the] owner or owners," 46 U.S.C. § 183(a)), then Spencer must concede that the district court has exclusive jurisdiction over all limitation of liability issues, and waive any claim of *res judicata*, in respect to the limitation of liability issues, as might arise upon entry of the state court judgment, *see* note 4, *supra.*

In either event it is unnecessary for claimant to stipulate to the value of the vessel. Although such a stipulation appears to have been required in several

---

**3.** In *Red Star,* the district court (1) dissolved the restraining order, (2) permitted the movant to commence and prosecute her action in the state court, (3) required movant to file her proof of claim in the limitation proceeding, (4) extended the time for movant to answer the limitation petition until after termination of the state action, (5) conditioned the order upon movant's concession of the correctness of the limitation fund, i.e., $7,267 with interest from December 11, 1945, (6) stayed the petitioners from taking further steps in the limitation proceeding until final adjudication in the state action, and (7) reserved jurisdiction of the petition to limit liability. 160 F.2d at 437 [discussing district court opinion]. Here, Spencer initiated the state action before North brought this proceeding to limit liability. Spencer has filed his claim and answer in the limitation proceeding.

**4.** The *Red Star* court characterized the *res judicata* problem as follows:

As appears from the appellants' reply brief, what they fear is that adjudication in the state court action may through some application of the doctrine of res judicata impair their right to limit should that issue thereafter come to trial in the limitation proceeding. If, for example, in support of the charge of negligence, the appellee should adduce evidence that the appellants' officers had seen the defects in the coalboat which are alleged to have contributed to the decedent's falling overboard, the appellants fear that a verdict for the plaintiff might be effective as an estoppel on the issue of their privity and knowledge.

160 F.2d at 438.

**5.** In addition to the discrepancy between the language of the motion and that of the affidavit filed by claimant's counsel, and the fact that an affidavit of counsel is an unorthodox way to stipulate on an issue of law, Spencer's answer to North's complaint for limitation, which answer was filed *after* Spencer moved to vacate the injunction, denies the paragraph of the complaint which asserts that "the injury to Richard Spencer, ... was occasioned and occurred without the privity or knowledge of the plaintiff ...", *see* Complaint ¶ 8, Answer ¶ 8. Spencer's response to that portion of North's complaint which asserts that North "desires to invoke the benefits of the [Limited Liability Act]," Complaint ¶ 10, ambiguously responds that North "has no right to deny claimant Richard L. Spencer a jury trial in Hancock County Superior Court, as Spencer's is the sole claim arising from the accident of May 28, 1985." Answer, ¶ 10.

Thus, Spencer's answer to North's complaint strongly suggests that Spencer *does not* concede that North has the *right to limit* its liability. Rather, the tone of the answer and the memoranda filed by Spencer suggests that it was improper for North to file the limitation action. This is clearly not the case, however, as North could not protect its right to limit liability merely by asserting it as an Limited Liability Act, North was required to bring the limitation action in federal district court within six months of receiving notice of a claim. *See* 46 U.S.C. § 185; *Cincinnati Gas & Elec. Co. v. Abel,* 533 F.2d 1001, 1005 (6th Cir.1976).

cases, *see In re McAllister Brothers,* 96 F.Supp. 575, 577–78 (E.D.N.Y.1951); *Red Star Barge Line,* 160 F.2d at 437 [discussing district court's order], those cases do not explain the need for such a stipulation. *See also Anderson v. Nadon,* 360 F.2d 53, 58 n. 8 (9th Cir.1966).[6]

Nor is it necessary to decide at this time whether the valuation of the vessel is a matter within the exclusive jurisdiction of the admiralty court. The question does not even arise until claimant has conceded the exclusive jurisdiction of the admiralty court over all "other" limitation of liability issues. Only then may the state action proceed. Furthermore, it is by no means clear that any factual dispute would arise as to the value of the vessel. Accordingly, the court does not reach the question whether the value of the vessel is a limitation of liability issue over which the exclusive jurisdiction of the admiralty court must be conceded as a condition precedent to permitting the state action to proceed.

█ Accordingly, if Spencer concedes that North has the *right to limit* liability, the court will reconsider Spencer's motion to vacate the order enjoining further prosecution of the action in state court. If Spencer concedes that any dispute as to the valuation of the vessel is an issue within the exclusive jurisdiction of the admiralty court and waives any claim of *res judicata* as to any issue relating to North's right to limit liability, the court will grant the motion to vacate the restraining order. Otherwise, the motion will be denied, subject to the right of Spencer to request reconsideration of this order as concerns whether the valuation of the vessel is a limitation of liability issue within the exclusive jurisdiction of the admiralty court.

Spencer is allowed 20 days within which to supplement the record, with simultaneous copies to North. North is allowed 15 days within which to object to the sufficiency of any such supplementation of the record and to request any other or further relief as may be appropriate.

SO ORDERED.

---

**6.** In *Anderson,* the court discussed the need for stipulating to value:

> Appellees have cited cases in which the adequacy of the valuation was conceded—*Petition of Moran Transportation Corp.,* 2 Cir., 185 F.2d 386, 387; *Petition of Red Star Barge Line,* 2 Cir., 160 F.2d 436, 437. It is also true that it has apparently become a common practice to concede valuation when requesting dissolution of such an injunction. See Gilmore and Black, Admiralty, § 10–19, page 695. However, these authorities do not support the proposition that such a concession is a necessary prerequisite to the maintenance of a state court action. We do not deem a concession of this nature essential to the protection of appellees' right to a federal limitation proceeding. The fact that appellants have reserved the right to contest the adequacy of the stipulation for value in the limitation proceeding does not bar them from initiating a state court action. See *George J. Waldie Towing Co. v. Ricca,* 2 Cir., 227 F.2d 900, 901, where it was held, in effect, that all that was necessary was a concession that all questions of limita-

> tion of liability are reserved for the district court; and *W.E. Hedger Transportation Corp. v. Gallotta,* 2 Cir., 145 F.2d 870, *where the right to limit was conceded but admiralty jurisdiction was maintained to settle the valuation issue.*

360 F.2d at 58 n. 8 [emphasis added]. Thus, the *Anderson* court assumed that the valuation issue was an admiralty question. This was not disputed in *Anderson,* however, as the parties had stipulated to the "exclusive jurisdiction of the district court" to determine the valuation issue. In *In re Cannon,* 487 F.Supp. 26, 28 (S.D.Fla. 1980), the court held that a stipulation as to the value of the vessel was not necessary prior to allowing the state court to adjudicate the single claim, but intimated that the question of value was subject to final determination in the district court: "In the instant case, the decision is based on the single claimant nature of the case, and *the value of the vessel can be finally determined* when, and if, the Court is presented with the limitation of liability issue." *Id.* [*emphasis added* ].