In re The Complaint of NORTH LUBEC MANUFACTURING AND CANNING CO., Successor by merger with Lawrence Boating Corp., as owner of the F/V PAULINE, for Exoneration from or limitation of liability.

**Civil No. 85–0456–B.**

United States District Court,
D. Maine.

Oct. 7, 1986.

Leonard W. Langer, Thompson McNaboe & Ashley, Portland, Me., for petitioner.

Nathan Greenberg, James S. Horton, Boston, Mass., for claimant.

## MEMORANDUM AND ORDER

CYR, Chief Judge.

North Lubec Manufacturing and Canning Company [North] petitioned the court for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 181–196. Richard Spencer, the only claimant in the limitation proceeding, moves to dissolve the order entered by this court staying all other court proceedings following the filing by North of its petition and an *ad interim* stipulation. *See* Fed.R.Civ.P., Supp.Admir.R. F(1); 46 U.S.C. § 185.

In its earlier memorandum the court reviewed the history and purpose of the Limited Liability Act and discussed the conditions under which a singular claimant may proceed in state court, *see In re North Lubec Manufacturing and Canning Co.,* 640 F.Supp. 636, 638–40 (D.Me.1986), but due to ambiguities in claimant's motion papers the court was not able to determine

---

whether Spencer had satisfied those conditions. As there stated by the court:

... if Spencer concedes that North has the *right to limit* liability, the court will reconsider Spencer's motion to vacate the order enjoining further prosecution of the action in state court. If Spencer concedes that any dispute as to the valuation of the vessel is an issue within the exclusive jurisdiction of the admiralty court and waives any claim of *res judicata* as to any issue relating to North's right to limit liability, the court will grant the motion to vacate the restraining order. Otherwise, the motion will be denied, subject to the right of Spencer to request reconsideration of this order as concerns whether the valuation of the vessel is a limitation of liability issue within the exclusive jurisdiction of the admiralty court.

*Id.* at 641.

Spencer now moves to reconsider the motion to vacate the stay of the state court proceedings. Accompanying Spencer's motion for reconsideration is the signed affidavit of his attorney, which states as follows:

Nathan Greenberg, counsel for Richard L. Spencer, concedes and admits that North Lubec Manufacturing and Canning Co., has the right to limit liability in the United States District Court in Bangor, Maine, and that the United States District Court has exclusive jurisdiction over the entire limitation of liability issues....

Nathan Greenberg, counsel for Richard L. Spencer, waives any claim of *res judicata* respecting limitation of liability issues as might arise in the event of entry of judgment in the Superior Court, Hancock County, State of Maine....

Nathan Greenberg, counsel for Richard L. Spencer, agrees also that any dispute as to the valuation of the vessel F/V PAULINE is an issue within the exclusive jurisdiction of the Admiralty Court, which is the United States District Court.

Greenberg Affidavit, ¶¶ 2–4.

Petitioner North does not dispute [1] that Spencer has satisfied the conditions for permitting a singular claimant to proceed with a state court action, as set forth in the earlier memorandum. North objects to a lift of the stay on the ground that Spencer would have excess security, unless he stipulates to the adequacy of the *ad interim* stipulation, since otherwise he would have both the $200,000 bond, filed with the *ad interim* stipulation, and a lien on the fishing vessel PAULINE.[2]

The court expressly held that it was not necessary for Spencer to stipulate to the value of the vessel, *see North Lubec, supra* at 641 n. 6, *citing Anderson v. Nadon,* 360 F.2d 53, 58 n. 8 (9th Cir.1966); *In re Cannon,* 487 F.Supp. 26, 28 (S.D.Fla.1980), but petitioner now urges reconsideration of that holding:

The practical effect of the Court's refusal to require Claimant to acknowledge the sufficiency of the bond, and hence the release of any lien he may have, and Claimant's refusal to voluntarily waive the lien, is to provide Claimant with not only the security required by Rule F(1), but also the potential value of the vessel itself. In sum, Claimant has been provided with double security, all to the prejudice of Petitioner. Although Petitioner acknowledges the position taken by the Court, it respectfully suggests that neither this Court nor the Court in *In Re Cannon, supra,* reviewed the obviously prejudicial result which would arise

---

**1.** Petitioner prefaces its objection to Spencer's motion by noting that the copies of the affidavit and motion which it received were unsigned. However, those filed with the court were signed in conformance with Fed.R.Civ.P. 11.

**2.** As petitioner notes, "[t]here does not seem to be any real doubt that a person injured on board a vessel has at least a colorable claim to a lien against the vessel which could be foreclosed in an *in rem* action in Federal Court." Petitioner's Memorandum In Opposition To Claimant's Motion For Consideration, at 4 n. 1 [citing, *Loomis v. S.S. Santa Rosa,* 447 F.2d 105 (9th Cir.1971) ].

from the failure of single claimants to concede the sufficiency of the fund prior to dissolving the stay. Should the Court reconsider and grant Claimant's Motion to Vacate Stay, Petitioner will be left with a Two Hundred Thousand Dollar ($200,000) plus bond on file with this Court, and the potential of Claimant seeking to foreclose his lien directly against the vessel.

Petitioner's Memorandum In Opposition To Claimant's Motion For Reconsideration, at 4–5.

From their memoranda it appears that both parties misconceive the nature of the court's holding that Spencer need not stipulate to the adequacy of the *ad interim* stipulation as a prerequisite to proceeding in state court.[3] Admiralty Rule F(1) requires that the party seeking to limit liability

(a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of his interest in the vessel and pending freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended; or (b) at his option shall transfer to a trustee to be appointed by the court, for the benefit of claimants, his interest in the vessel and pending freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended.

Fed.R.Civ.P., Supp.Admir.R. F(1). Rule F(1) insures that there will be a fund equal in amount to the statutory limit on liability (i.e., the value of the limiting party's interest in the vessel and its pending freight) from which any claims may be satisfied. Where security is filed for the value of the vessel, such security stands as a *substitute* for the vessel, whether or not the petition

to limit liability is successful. *See Hartford Accident & Indemnity Co. v. Southern Pacific Co.*, 273 U.S. 207, 218–219, 47 S.Ct. 357, 360, 71 L.Ed. 612 (1927).

The final valuation of a vessel may be either more or less than the value asserted in the *ad interim* stipulation. *See, e.g., In re Lake Tankers Corp.*, 132 F.Supp. 504, 507 (S.D.N.Y.1955) [value of petitioner's interest in vessel may be found to be more or less than the amount of the *ad interim* stipulation]; *cf. Hartford Accident & Indemnity Co.*, 273 U.S. at 218, 47 S.Ct. at 360 [*ad interim* stipulation had a clause providing that it would stand as security for all claims *if* not changed to a formal stipulation]. Submission of an *ad interim* stipulation is one way of satisfying rule F's requirement of the vessel or security for the vessel as a prerequisite to proceeding with a petition for limitation. *See generally* 3 *Benedict on Admiralty*, § 61 at 7–3 (7th ed. 1983) [discussing different methods for initiating a petition to limit liability without transferring the vessel to a trustee]. The stipulation is *ad interim*, or temporary, so that if the value of the vessel is challenged, *see* Fed.R.Civ.P., Supp.Admir.R. F(7), the court may allow for "due appraisement" of the vessel prior to entering a final order or approving a stipulation establishing the value of the vessel. "Due appraisement" generally means appraisement proceedings which afford interested parties an opportunity to be heard and to challenge the appraisement offered by petitioner. *See* 3 *Benedict on Admiralty*, § 61 at 7–2 to 7–4.

The *ad interim* stipulation filed in this case provides as follows:

The above-named Plaintiff, having on December 6, 1985 filed a Petition for Exoneration From or Limitation of Liability ... and having therein prayed for an appraisal of its interest in the F/V PAULINE and for leave to file a stipula-

---

**3.** This misconception may be due in part to the language used by the court in its previous memorandum, which stated that "it is unnecessary for claimant to stipulate to the *value* of the vessel." 640 F.Supp. at 640 (emphasis added). Although not incorrect, as will be explained below, it would be more precise to state that plaintiff need not stipulate to the adequacy of the *ad interim* stipulation.

tion for the amount of said appraised value *or, pending said approval,* an *Ad Interim* Stipulation; and *said appraisal not yet having been had,* and it appearing that the Plaintiff desires, pending said appraisal, to give an *Ad Interim* Stipulation and to obtain a Restraining Order, ...

And on reading and filing the *Ad Interim* Stipulation for value duly executed on December 3, 1985, by the Plaintiff in the sum of Two Hundred Thousand Dollars ($200,000) with interest, undertaking to pay into Court within ten (10) days *after the entry of an Order herein appraising the value of the Petitioner's interest in the said F/V PAULINE the amount so fixed,* or within said time to file in this Court a Stipulation for value in the usual form in said amount, and that *pending such payment* into Court or giving of a Stipulation *this Stipulation shall stand as security in said proceeding....*

*Ad interim* Stipulation (Docket Entry # 4), at 1–2. This *ad interim* stipulation is only intended to stand as security until there has been a final appraisement of the vessel.

It is *not* necessary for a singular claimant to stipulate to the adequacy of the *ad interim* stipulation in order to proceed in state court. However, the singular claimant is only entitled to security equal to the value of the vessel. Any party wishing to finalize the valuation of the vessel may either move for appraisement, or move for acceptance of the *ad interim* stipulation as establishing the vessel's value. Then, after all interested parties have been heard, and, if appropriate, an appraisement had, the court will enter an order or approve a stipulation establishing the value of the vessel. It is at that point that the stipulation and security stand as a substitute for the vessel.[4] Because the admiralty court retains jurisdiction over the limitation proceeding, the valuation issue may be resolved at any time, and it is not necessary for a singular claimant who wishes to proceed in state court to waive his right to challenge the valuation of the vessel *prior to* proceeding in state court.[5]

Therefore, as Spencer has made the concessions necessary to protect North's right to limit liability, that portion of the court's order of December 13, 1985 restraining the prosecution of any suits, actions, or legal proceedings against North, arising out of the incident aboard the fishing vessel PAULINE on or about May 28, 1985, is hereby *VACATED.* The court retains jurisdiction of North's petition for limitation of liability in the event further proceedings are necessary.

SO ORDERED.

---

4. Thus Spencer is not entitled, as he appears to argue, to security *both* in the amount of the bond filed with the court, and in the amount of the value of the vessel. *See* Claimant's Reply to Petitioner's Objection, at 3.

5. Indeed, valuation and other limitation of liability issues are pertinent *only* if Spencer obtains an award of damages in state court in excess of the *ad interim* stipulation.