In re the Complaint of Leroy RUBEN-STEIN for exoneration from or limitation of liability as the owner of the PLEASURE CRAFT, BILLY BOY, Plaintiff-Appellant,

v.

Johanna J. BRYANT, Defendant-Appellee.

No. 75–2081

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1975.

Thomas E. Backmeyer, Gerald L. Bedford, Miami, Fla., for plaintiff-appellant.

Guy B. Bailey, Jr., Thomas A. Gribbin, Miami, Fla., for defendant-appellee.

Appeal from the United States District Court for the Southern District of Florida.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Suffering personal injuries received on a demonstration cruise in the pleasure craft BILLY BOY, Johanna J. Bryant sued the owner, Leroy Rubenstein, for $250,000 in a Florida state court. Four months later, the state action still pending, Rubenstein brought a limitation and exoneration admiralty action in federal court. 46 U.S.C.A. § 183 *et seq.* The

* Rule 18, 5th Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5th Cir. 1970, 431 F.2d 409, Part I.

district court, sensing that the result in the state court litigation might eliminate the necessity for a federal court determination of whether Rubenstein could limit his liability to the value of the vessel, dismissed the action "without prejudice, to be refiled, if necessary, and if so, the matter will receive priority treatment."

On appeal Rubenstein asserts that he should have been granted a stay of the federal action pending the state litigation, rather than a dismissal. He is fearful that the 46 U.S.C.A. § 185 six month time requirement for bringing limitation of liability actions may rise up to face him on a later refiling. On this appeal we need not decide whether that fear is well-founded. The fact is that nothing in the record discloses any consideration of this important issue by the district court. The dismissal, therefore, must be set aside and the case remanded for reinstatement of the complaint and consideration of the legal effect of a dismissal without prejudice under § 185.

On June 25, 1975, Bryant (the Claimant) commenced a tort action in state court seeking compensation for personal injuries received when a sales broker was demonstrating BILLY BOY. Rubenstein (Plaintiff in Limitation), as owner of BILLY BOY, filed a limitation of liability action in the United States District Court for the Southern District of Florida in Admiralty, seeking to limit his liability to the value of the vessel. 46 U.S.C.A. § 183 *et seq.* This admiralty action was brought on October 25, 1975, well within six months after Claimant gave notice of her claim, as required by 46 U.S.C.A. § 185. On November 25, 1974, pursuant to Supplemental Rule F, F.R.Civ.P., the district court in admiralty enjoined state court proceedings. Thereafter, on January 16, 1975, the district court dissolved the injunction, denied the plaintiff's motion for stay, and dismissed the limitation of liability action "without prejudice, to be refiled, if necessary . . . .." On February 5, 1975, the court denied Plaintiff in Limitation's motion to reinstate the complaint, or in the alternative to modify or clarify the dis-

missal. It is upon the denial of this motion that the instant appeal is brought before this Court.

A bifurcated damage action, in which a state court decides the merits of a tort action while a federal admiralty court subsequently determines limitation of liability, is not new to the courts. But it does appear that the district court in the present case deviated from the more usual procedure of retaining jurisdiction over the limitation action, pending litigation in the state court. *See e. g., Langnes v. Green,* 282 U.S. 531, 541–542, 51 S.Ct. 243, 75 L.Ed. 520 (1931); *Avera v. Florida Towing Corp.,* 322 F.2d 155 (5th Cir. 1963); *Red Star Barge Line, Inc.,* 160 F.2d 436 (2d Cir. 1947). *See also Ex parte Green,* 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932) (companion case to *Langnes v. Green, supra* ). It is the dismissal that frames what seems to be a novel question of statutory interpretation: when Plaintiff in Limitation brings a limitation of liability action that complies with the six month filing requirement of § 185, does *dismissal* of that action foreclose access to federal admiralty courts for reintroduction of the limitation issue commenced after the six month time requirement?

The district court in admiralty, quite properly we think, sensed a potential judicial economy. Should the underlying tort action be settled, or should the Plaintiff in Limitation here (defendant in the state court tort action) prevail or be held liable for an amount which is less than the value of his vessel, then limitation of liability would become a moot issue. If Claimant wins a state court judgment in excess of the value of the vessel, however, Plaintiff in Limitation may suffer as a result of the district court's discretionary decision to dismiss the limitation action if § 185 is construed to bar refiling.

The Plaintiff in Limitation is certainly entitled to be protected from the uncertainty that now exists. If the law protects Plaintiff in Limitation on dismissal, or if the court by form of its order can protect him, he is entitled to either a

decision which would be binding on the parties, or to a protective order. If he is not or cannot be protected by an order, a stay would seem to be proper.

The district court is the proper forum for initial decision of the interpretative issue posed by the six month time provision in juxtaposition to a dismissal of the case. 46 U.S.C.A. § 185. We therefore vacate the trial court's action and remand for reinstatement of the complaint and consideration—should the ultimate disposition of this case require it—of whether and to what extent dismissal affects Plaintiff in Limitation's future right to bring a 46 U.S.C.A. § 183 *et seq.* action in light of the time requirement imposed by § 185. Should the district court desire to avoid the legal issue by merely staying the action pending disposition of the state court proceeding, it would seem to be free to do so.

Vacated and remanded.