**In re MISTER WAYNE and Basin Marine, Inc., as her owner, praying for Exoneration from and/or Limitation of Liability.**

Civ. A. Nos. 89–0788, 89–3488.

United States District Court,
E.D. Louisiana.

Oct. 30, 1989.

Thomas James Byrne, Jr., Hoffman, Sutterfield, Ensenat & Bankston, New Orleans, La., and Russell Duane Pulver, Ellefson, Pulver & Staines, Metairie, La., for Mister Wayne MV and Basin Marine, Inc.

Michael X. St. Martin, St. Martin, Lirette & Shea, Houma, La., for Cynthia J. Verdin, claimant.

Michael L. McAlpine and Bettye Anne Barrios, Johnson & McAlpine, New Orleans, La., for Land Treatment Systems, Inc., claimant.

Edwin G. Preis, Jr. and Charles A. Mouton, Preis, Kraft & Daigle, Lafayette, La., for Soloco, Inc., claimant.

Donald L. King, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Separation Systems Consultants, Inc., claimant.

William Byron Schwartz and Kimbley Ann Kearney, Burke & Mayer, New Orleans, La., for Cent. Boat Rentals, Inc., claimant.

John Fredrick Kessenich, Emmett, Cobb, Waits & Kessenich, New Orleans, La., for Milpark Drilling Fluids, claimant.

## MEMORANDUM AND ORDER

SEAR, District Judge.

This controversy arises out of the November 19, 1988 death of Donald Verdin, claimant Cynthia Verdin's husband. Basin Marine, Inc., the owner of the M/V MISTER WAYNE, employed Donald Verdin as a deckhand aboard this vessel. On November 19, 1988, the M/V MR. WAYNE was used to shift barges for Land Treatment Systems. In the course of shifting barges, Donald Verdin slipped and fell from the M/V MISTER WAYNE and was crushed between the Barge GBI 1, which was operated by Milpark Drilling Fluids under an oral charter from Central Boat Rentals, and another barge.

In her original petition, Verdin sued Basin Marine and Land Treatment Systems, Inc.[1] for negligence and unseaworthiness. Verdin later amended her petition to include Milpark Drilling Fluids, Inc., Central Boat Rentals, Soloco, Inc., and Separation Systems Consultants, Inc. as defendants. Milpark Drilling Fluids owned the facility from which the waste fluids were being transported. Soloco, Inc. loaded the barges for transportation, and Separation Systems Consultants was employed to oversee the loading operations.[2]

Following the filing of claimant Cynthia Verdin's complaint in state court,[3] defendants Basin Marine, Inc. and Central Boat Rentals each filed Limitation of Liability actions under 46 U.S.C.App. §§ 181–189 in federal court on March 2, 1989 and August 7, 1989 respectively. Consequently, this Court stayed further state court proceedings against Basin Marine and Central

Boat Rentals pursuant to 46 U.S.C.App. § 185. Claimant Cynthia Verdin filed this motion to lift the stay enjoining her from the prosecution of suit in state court. Both Basin Marine and Central Boat Rentals oppose the motion to lift the stay absent certain stipulations.

■ This case involves the conflict between the exclusive federal jurisdiction invested by the Limitation of Liability Act, 46 U.S.C.App. § 181–189, and the presumption in favor of jury trials and common law remedies embodied in the saving to suitors clause, 28 U.S.C. § 1333. In response to this conflict, courts have identified two sets of circumstances in which the exclusive jurisdiction of the admiralty court must give way.[4] The first exception, which is not implicated here, involves multiple claims in which the aggregate claims do not exceed the limitation fund.[5] The second exception arises when a single claimant brings an action seeking an amount in excess of the limitation fund, but concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability.[6]

Claimant argues that I should lift the stay because this is a single claimant case. Central Boat Rentals disputes whether Verdin is the sole claimant because she filed individual loss of consortium claims, loss of consortium claims on behalf of her minor child, and related tort claims on behalf of her deceased husband. Moreover, third parties Milpark Drilling Fluids, Inc., Soloco, Inc., and Separation Systems Consultants, Inc. filed indemnification or contribution claims in the limitation proceed-

---

**1.** Land Treatment Systems owned and operated the facility where decedent worked at the time of the accident.

**2.** Milpark Drilling Fluids, Inc., Soloco, Inc., and Separation Systems Consultants, Inc. all filed answers and claims in the limitation of liability proceedings. All argue that Donald Verdin's death resulted from the negligence of Basin Marine and Central Boat Rentals and the unseaworthiness of the M/V MR. WAYNE and the Barge GBI 1.

**3.** Mrs. Verdin filed suit individually and as natural tutrix of her minor daughter.

**4.** *See, e.g., In the Matter of The Complaint of Dammers and Vanderheide and Scheepvaart Maats Christina B.V., Petitioners, as Owners of the M/V CHRISTINA for Exoneration from or Limitation of Liability,* 836 F.2d 750 (2d Cir. 1988).

**5.** *See Lake Tankers Corp. v. Henn,* 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957); *S & E Shipping Corp. v. Chesapeake & Ohio Ry.,* 678 F.2d 636, 643 (6th Cir.1982).

**6.** *See Langnes v. Green,* 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931); *Complaint of Dammers and Vanderheide,* 836 F.2d at 755.

ings in which they argue that Verdin's death resulted from the negligence of Basin Marine and Central Boats and the unseaworthiness of the M/V MR. WAYNE and the Barge GBI 1. Additionally, these third parties all seek recovery of attorneys' fees.

Basin Marine does not argue whether Cynthia Verdin is the sole claimant. Instead, Basin Marine contends that a single claimant is only entitled to have the stay lifted under certain conditions: the claimant must (a) file his claim in the limitation proceeding; (b) concede to the amount and sufficiency of the stipulated value of the vessel; (c) consent to waive any claim of res judicata relevant to the issue of limited liability based on any state court judgment; and (d) concede shipowner's right to litigate all issues relating to limitation in the limitation proceeding.[7] On October 26, 1989, the claimant filed certain stipulations into the record.

In order to lift the stay, I must decide two separate issues: first, whether this case involves a single claim or multiple claims, and second, whether claimant's stipulations sufficiently protect defendant's right to litigate all issues related to limitation in federal court.

## I. *Single Claimant Case*

### A. Cynthia Verdin's Claims

■ In *American Export Lines, Inc. v. Alvez*, 446 U.S. 274, 284–86, 100 S.Ct. 1673, 1679–80, 64 L.Ed.2d 284 (1980), the Supreme Court recognized that a claim for loss of consortium is separate and independent from the related tort claim of the other spouse. Although such claims are normally considered as multiple claims because they are separate and distinct, a plaintiff may transform the separate claims into a single claim by stipulating to the priority of the claims. *See S & E Shipping Corp. v. Chesapeake & Ohio Ry.*, 678 F.2d 636, 644 (6th Cir.1982). In this case, Stipulation No. 4 filed by claimant provides that the wrongful death claim has priority over the loss of consortium claims made by Cynthia Verdin and her child. Thus, this stipulation resolves the multiple claim situation created by the separate wrongful death and loss of consortium claims. *See Complaint of Dammers & Vanderheide*, 836 F.2d at 756; *Kattelman v. Otis Engineering Corp.*, 701 F.Supp. 560, 564–65 (E.D. La.1988) (Feldman, J.).

### B. Other Parties' Claims

■ This case also involves multiple claims made by third parties, Milpark Drilling Fluids, Inc., Soloco, Inc., and Separation Systems Consultants, Inc. These third parties filed claims for indemnification or contribution and attorneys' fees. The courts are split on whether an indemnification claim in a limitation proceeding transforms the proceeding into a multiple claims action.[8] Recently, in *Kattelman v. Otis Engineering Corp.*, 696 F.Supp. 1111 (E.D. La.1988) (Feldman, J.),[9] the court confronted this indemnification question and held that multiple claims exist when third parties file indemnification claims in the limitation proceedings.

In reaching this conclusion, Judge Feldman relied heavily on *Complaint of Dammers & Vanderheide*, 836 F.2d 750, 756 (2d Cir.1986), and *In re AMF*, 543 F.Supp. 431 (S.D.N.Y.1982). In *Complaint of Dammers & Vanderheide*, the court stated:

---

**7.** *See* Basin Marine's Memorandum in Opposition to Claimant's Motion, at 2–3 (citing *In the Matter of the Complaint of Businelle Towing Corp., Owner of the M/V KATHLEEN, for Exoneration from or Limitation of Liability*, 539 F.Supp. 609, 611 (M.D.La.1982) (Polozola, J.))

**8.** *Compare S & E Shipping Corp. v. Chesapeake & Ohio Ry.*, 678 F.2d 636, 645 (6th Cir.1982), and *Universal Towing Co. v. Barrale*, 595 F.2d 414, 419 (8th Cir.1979), *with Complaint of Dammers and Vanderheide*, 836 F.2d 750, 756 (2d Cir.1986), *Kattelman v. Otis Engineering Corp.*,

696 F.Supp. 1111 (E.D.La.1988) (Feldman, J.), and *In re AMF*, 543 F.Supp. 431, 433 (S.D.N.Y. 1982).

**9.** The facts in *Kattelman* are substantially similar to those in this case. The *Kattelman* plaintiffs were the surviving spouse and children of a fatally injured seaman. As claimants, they filed loss of consortium claims and a wrongful death claim on behalf of the seaman. Additionally, third parties filed claims for indemnification or contribution and attorney's fees.

"As long as there is a potential set of circumstances in which a shipowner could be held liable in excess of the limitation fund, the reasonable prospect of claims for indemnification should constitute a multiple claimant situation necessitating a *concursus.*" *Complaint of Dammers & Vanderheide,* 836 F.2d at 756–57. Because Louisiana contribution law provides for equal liability of solidary obligors, the potential exists for the shipowner to be held liable in excess of the limitation fund. *Kattelman,* 696 F.Supp. at 1115 n. 3. Thus, the third parties' indemnification claims render this a multiple claimant case. Additionally, the third parties also claimed attorneys' fees. These attorneys' fees claims certainly render this a multiple claim situation. *See Kattelman,* 696 F.Supp. at 1115.

■ Even in multiple claims cases, however, the court may still lift the stay when the plaintiff's stipulations adequately protect the shipowner's right to litigate limitation of liability issues in federal court.[10] In this case, claimant Cynthia Verdin adequately resolved the multiple claim problem with the stipulations filed in the record on October 26, 1989. Verdin stipulated that in the event of recovery in excess of the limitation fund, neither she nor any third party would seek to enforce its award against the shipowner after exhaustion of the limited fund.[11] She further stipulated that should the court award any party attorneys' fees, such award would have priority over her claims.[12] These stipulations, which are modeled after the stipulations accepted as adequate by the Second Circuit in *Complaint of Dammers & Vanderheide* and by Judge Feldman in *Kattelman,* resolve the multiple claims issue and allow this case to proceed as a single claimant case.

## II. Protection of Shipowner's Right to Limitation

■ Even a single claim plaintiff must meet certain requirements to proceed in state court with his common law action after a shipowner files a limitation of liability petition. The claimant must:

a) file his claim in the limitation proceeding;

b) where a stipulation for value has been filed in lieu of the transfer of the ship to a trustee, concede the sufficiency in amount of the stipulation;

c) consent to waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court;

d) concede petitioner shipowner's right to litigate all issues relating to limitation in the limitation proceeding.

G. Gilmore & C. Black, *The Law of Admiralty* § 10–19, at 871 (2d ed. 1975) (citations omitted). Many courts have relied on this four-factor test espoused by Gilmore and Black.[13]

In what may be called the typical *Langes v. Green* situation, the admiralty court dissolves or modifies the § 185 injunction to allow the civil action to proceed, meanwhile holding the limitation proceeding in abeyance until the result of the civil action is known. If, in that action, judgment is for the shipowner or is for the plaintiff in an amount less than the limitation fund, then the shipowner's right to limitation will never have to be decided. It is, however, possible for the admiralty court to reverse the customary

---

10. A claimant need not concede the shipowner's ultimate right to have its liability limited. *See Kattelman v. Otis Engineering Corp.,* 701 F.Supp. 560, 563 (E.D.La.1988) (Feldman, J.); *see also In re Humble Oil & Refining Co.,* 311 F.2d 576 (5th Cir.1963); *Rubenstein v. Bryant,* 522 F.2d 1351, 1352 (5th Cir.1975).

11. *See* Stipulation No. 5 filed by Claimant Cynthia Verdin.

12. *See* Stipulation No. 6 filed by Claimant Cynthia Verdin.

13. *See, e.g., Jefferson Barracks Marine Service, Inc. v. Casey,* 763 F.2d 1007, 1009 (8th Cir.1985); *Complaint of Dammers and Vanderheide,* 660 F.Supp. 153, 156 (S.D.N.Y.1987), *aff'd,* 836 F.2d 750 (2d Cir.1988); *In the Matter of the Complaint of Businelle Towing Corp., Owner of the M/V KATHLEEN, for Exoneration from or Limitation of Liability,* 539 F.Supp. 609, 611 (M.D.La. 1982) (Polozola, J.).

sequence and decide the limitation issues first.

G. Gilmore & C. Black, *supra* § 10–19, at 872.

In this case, claimant Cynthia Verdin adequately meets the test discussed by Gilmore and Black. Verdin filed her claims in these consolidated limitation proceedings, waived any res judicata defense,[14] and conceded the shipowner's right to litigate all issues relating to limitation in this limitation proceeding.[15] However, Verdin fails to meet the second factor discussed by Gilmore and Black because she contests the stipulated value of both the M/V MR. WAYNE and the Barge GBI 1.[16]

A claimant need not stipulate to the value of the vessel in order to have the court lift the stay. In fact, a claimant need only stipulate to the exclusive admiralty jurisdiction over all limitation of liability questions and waive any potential res judicata argument relevant to the limitation issue. In *Complaint of Dammers and Vanderheide*, 836 F.2d 750 (2d Cir.1988), the Second Circuit discussed the Gilmore and Black *four-part test and stated,*

> Although we believe that parts (a), (c) and (d) of the test are necessary ... we are less certain about part (b). There is disagreement in the cases as to whether a claimant seeking leave to pursue remedies in other forums must concede the sufficiency of the security offered by the shipowner. Although the Gilmore & Black treatise relies heavily on Second Circuit precedent in forging the four-part test, ... those Second Circuit cases do not necessarily stand for the proposition that such a concession ought to be an absolute prerequisite to allowing a claimant to proceed in other forums. *Moreover, Fed.R.Civ.P. Supplemental Rule*

**14.** *See* Stipulation No. 2 filed by Cynthia Verdin.

**15.** *See* Stipulations Nos. 1 and 3 filed by Cynthia Verdin.

**16.** *See* Answer of Claimant Cynthia Verdin, at 3, para. 4 (Civil Action No. 89–788); Answer of Claimant Cynthia Verdin, at 4, para. 4 (Civil Action No. 89–3488).

**17.** *See also In the Matter of Morris P. Hebert, Inc.,* No. 87–3794 (E.D.La. Aug. 10, 1988) (Collins, J.) (1988 WL 86832) (unnecessary for plain-

> F(7) explicitly grants claimants the right to contest the valuation of security offered by the shipowner in a limitation proceeding .... Although we need not decide this question today, we wish to make it clear that we are not endorsing all aspects of the four-part test.... Specifically, we reserve judgment as to part (b) of that test.

*Complaint of Dammers and Vanderheide*, 836 F.2d at 758 n. 7 (emphasis added).

Similarly, in *Complaint of North Lubec Manufacturing & Canning Co.*, 640 F.Supp. 636 (D.Me.1986), the court discussed the stipulations required before a single claimant may proceed in his state court suit. The court stated that "it is unnecessary for claimant to stipulate to the value of the vessel. Although such a stipulation appears to have been required in several cases, those cases do not explain the need for such a stipulation." *Id.* at 640–41 & 641 n. 6. The value of the vessel can be determined when, and if, the court is presented with the limitation of liability issue. *See In re Cannon*, 487 F.Supp. 26, 28 (S.D.Fla.1980).[17]

*Conclusion*

Claimant Cynthia Verdin's priority stipulations resolve the multiple claims issue. Additionally, even though Verdin contests the stipulated value of the vessel, she has adequately conceded the shipowner's right to litigate limitation issues in the federal court, and she has conceded this Court's exclusive jurisdiction over all limitation issues. Accordingly,

IT IS ORDERED that claimant Cynthia Verdin's motion to lift the stay provided by 46 U.S.C.App. § 185, which prohibits plain-

tiff to stipulate to the value of the vessel); *Complaint of North Lubec Manufacturing & Canning Co.,* 647 F.Supp. 1132, 1135 (D.Me.1986) (singular claimant who wishes to proceed in state court need not waive his right to challenge the valuation of the vessel because the valuation issue may be resolved at any time as the admiralty court retains jurisdiction over the limitation proceeding).

tiff from prosecuting her state court action, is GRANTED.

IT IS FURTHER ORDERED that the stay is continued against entry of judgment and consequent enforcement of recovery in the state court proceedings pending the outcome of this consolidated limitation proceeding.

IT IS FURTHER ORDERED that the Clerk of Court mark this action closed for statistical purposes.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition; this order shall not prejudice the rights of the parties to this litigation.